UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHIRLEY L. HAYNES,

    Plaintiff,

vs.                                  CASE NO. 12-15148
                                       HON. GEORGE CARAM STEEH
CAROLYN W. COLVIN
Commissioner of Social Security,

    Defendant.

_____/

**ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION (#21),
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#19),
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (#14), AND
DISMISSING PLAINTIFF'S CLAIMS**

      This matter is before the court on cross-motions for summary judgment as to Plaintiff Shirley L. Haynes's claim for judicial review of Defendant Commissioner of Social Security's denial of her application for disability insurance benefits and supplemental security income. Plaintiff alleges that she is disabled due to spinal disc herniations and degenerative disc disease. For the reasons set forth below, the court shall accept and adopt the magistrate judge's report.

    I.      PROCEDURAL AND FACTUAL HISTORY

      Plaintiff filed an application for disability insurance benefits and supplemental security income on July 15, 2009, alleging disability as of May 23, 2009. After her application was denied she requested a hearing. On April 20, 2011, after holding a hearing on Plaintiff's claim, the administrative law judge ("ALJ") issued a decision

denying Plaintiff's claims. The ALJ found that Plaintiff had severe impairments but could nonetheless perform sedentary work involving less than two hours of standing or walking per day, only occasional postural movements and no complex instructions or job tasks. The ALJ determined that while Plaintiff was unable to perform any of her former jobs, she was capable of performing a number of jobs in the national economy. Accordingly, the ALJ found Plaintiff was not disabled within the meaning of the Social Security Act. The Appeals Council of the Social Security Administration denied Plaintiff's request for review of the ALJ's decision on September 17, 2012, "at which point the ALJ's decision became the final decision of the Commissioner of Social Security." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (citation omitted).

Plaintiff initiated this action with the court for review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g). This matter was referred to Magistrate Judge R. Steven Whalen, who issued a report and recommendation on November 13, 2013 recommending that Plaintiff's motion be denied and Defendant's motion be granted, because there was substantial evidence supporting the ALJ's determination that Plaintiff was capable of performing sedentary work with additional limitations. Plaintiff filed objections to the Magistrate's report and recommendation on November 27, 2013.

## II. STANDARD OF REVIEW

"A judge of the court shall make a *de novo* determination of those portions of a report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.* A district court may

affirm, modify, or reverse the Commissioner's decision, with or without remand. 42 U.S.C. § 405(g). Findings of fact by the Commissioner are conclusive if supported by substantial evidence. *Id.* Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence standard is deferential and presumes there is a "zone of choice" within which the ALJ can make decisions without interference from the courts. *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 281-82 (6th Cir. 2009). The court must examine the administrative record as a whole and may look to any evidence in the record, regardless of whether it has been cited by the ALJ. *Walker v. Sec'y of Health & Human Servs.*, 884 F.2d 241, 245 (6th Cir. 1989).

### III. ANALYSIS

#### A. The ALJ's Credibility Determination

Plaintiff argues that the ALJ did not sufficiently explain or support her finding that certain of Plaintiff's subjective complaints of pain and allegations of extreme functional limitations were not credible. Social Security Ruling 96-7p guides the credibility determination and states that if a favorable disability determination "cannot be made solely on the basis of objective medical evidence," the adjudicator must "carefully consider the individual's statements about symptoms with the rest of the relevant evidence in the case record in reaching a conclusion about the credibility of the individual's statements." 1996 WL 374186 at *1. In addition, "[i]t is not sufficient for the adjudicator to make a single, conclusory statement [regarding the credibility of the individual's allegations]." *Id.* at *2. The determination "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be

sufficiently specific to make clear…the weight the adjudicator gave to the individual's statements and the reasons for that weight." *Id.*

The record indicates the ALJ did sufficiently explain and support her finding that certain of Plaintiff's subjective complaints of pain and allegations of extreme functional limitations were not credible. Per SSR 96-7p, inconsistencies between an applicant's statements and information in the case record, including information provided by medical sources, the applicant's own statements, and reports and observations by persons concerning the applicant's activities, behaviors and efforts to work, are a strong indicator of a lack of credibility in the applicant's statements. *Id.* at *5. In support of her credibility determination, the ALJ specifically referred to substantial record evidence that was inconsistent with Plaintiff's allegations of complete disability. *See* Tr. 25-27. For example, the ALJ referred to objective medical evidence that Plaintiff's cervical vertebral column was of normal alignment, no atrophy was present, stability was within normal limits for all extremities, and there was no evidence of cervical radiculopathy. The ALJ referred to medical opinions of treating sources including Dr. William Gonte, who reported Plaintiff was making good progress with chiropractic care, and Dr. Barbara Hofman, who reported Plaintiff did not have a disabling psychological condition. And, the ALJ referred to Plaintiff's own testimony that her pain was helped by medication and that she could lift five to ten pounds, which would not preclude sedentary exertion.

Plaintiff's cited authority does not suggest the ALJ's credibility determination provides a basis for remand. The ALJ's explanation for partially discrediting Plaintiff was reasonable and supported by substantial evidence in the record. As such, this court will respect the ALJ's findings.

**B. The ALJ's Residual Functional Capacity Finding**

Plaintiff argues the ALJ failed to consider all of her mental and physical limitations, specifically her depression and mental limitations caused by chronic pain, in determining she had the residual functional capacity ("RFC") to perform limited sedentary work. Unlike steps one through four of the disability analysis, the burden is on the Commissioner at step five to demonstrate that Plaintiff retains the RFC to perform specific jobs existing in the national economy. *Richardson v. Sec'y of Health & Human Servs.*, 735 F.2d 962 (6th Cir. 1984).

Plaintiff has not identified any limitations caused by her alleged depression, nor has she provided support for such limitations. In addition, the record indicates that the ALJ did consider Plaintiff's alleged disabling pain and mental limitations in making her determination: the ALJ expressly acknowledged that a primary basis for Plaintiff's alleged disability was disabling pain, and she concluded Plaintiff is unable to perform work involving complex instructions or tasks. As determined herein, the ALJ's explanation for partially discrediting Plaintiff's subjective complaints of pain and allegations of extreme functional limitations was reasonable given the inconsistencies in Plaintiff's own statements and inconsistencies between her statements and record medical evidence.

In sum, the ALJ's RFC determination that Plaintiff is capable of sedentary work with additional limitations was reasonable and supported by substantial evidence, and this court will not disturb the ALJ's findings.

I. **CONCLUSION**

Accordingly, Plaintiff's objections (Doc. #22) are OVERRULED. IT IS ORDERED that the court hereby ACCEPTS and ADOPTS Magistrate Judge R. Steven Whalen's November 13, 2013 report and recommendation (Doc. #21), GRANTS Defendant Commissioner's motion for summary judgment (Doc. #19), DENIES Plaintiff's motion for summary judgment (Doc. #14), and DISMISSES Plaintiff's complaint with prejudice (Doc. #1).

SO ORDERED.

Dated: March 3, 2014

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE


CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 3, 2014, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk